IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

| | |
|---|---|
| ROBERT W. STONE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PATRICIA K. CUSHUA, )<br>)<br>Defendant. ) | Civil Action No. 1:19-00380 |

## PROPOSED FINDINGS AND RECOMMENDATION

On May 6, 2019, Plaintiff, acting *pro se*,[1] filed what this Court construed as Complaint seeking relief pursuant Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971), "Final Notice of Criminal Complaint/Involuntary Bankruptcy," and Affidavit of Parole Qualification. (Document Nos. 1 - 3.) Following an initial screening of Plaintiff's case, the undersigned entered an Order on May 15, 2019, directing Plaintiff to "(1) amend his Complaint, and (2) either pay the filing and administrative fee or file an Application to Proceed *in Forma Pauperis* by June 14, 2019." (Document No. 5.) On June 24, 2019, Plaintiff filed his Application to Proceed Without Prepayment of Fees and Costs and his Amended Complaint. (Document Nos. 6 and 7.) In his Amended Complaint, Plaintiff names Patricia K. Cushua, Parole Commissioner, as the sole Defendant. (Id.) Plaintiff argues that Defendant Cushua violated his constitutional right to due process when she unlawfully denied Plaintiff parole in 2015. (Id., p. 7.) Plaintiff alleges that he is "the said beneficiary of the private business trust; Robert W. Stone appointed Patricia K. Cushua

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See* Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

as the trustee of the said trust; Mrs. Cushua is in breach of trust and has dishonored her appointment of fiduciary trusteeship thus violating Mr. Stone's Fifth and Eighth Amendment constitutional rights. (Id.) Plaintiff states that he is "charging the defendant at a certain sum of $50,000 USD for every minute of his unlawful incarceration since the time of his parole should've been granted." (Id., p. 11.) Plaintiff argues that "defendant has tacitly forfeited [her] insurance/bonding to the plaintiff as well." (Id.) Plaintiff claims that he will soon "notify the sheriff's department pertaining to the confiscation of all other forfeited property such as cars, house, bonds, 401(k), bank accounts, retirement funds, etc. To be mentioned at a later date." (Id.) As relief, Plaintiff requests that this Court order Defendant Cushua to grant immediate parole to Plaintiff and award Plaintiff monetary compensation. (Id., p. 13.)

## STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

## ANALYSIS

1. **Immunity:**

A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of

3

the Federal Bureau of Narcotics, 403 U.S. 388, 395 -97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law. However, Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991); Reingold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999). In his Amended Complaint, Plaintiff appears to name Defendant Cushua in her official capacity as the Parole Commissioner. Plaintiff further requests monetary damages. Plaintiff's claim against Defendant Cushua in her official capacity seeking damages must be dismissed as she is entitled to sovereign immunity. See Noll v. Getty, 995 F.2d 1063, 1 (4th Cir. 1993)(unpublished)(finding that claims against the Chairman of the Parole Commission in her official capacity seeking damages was barred by sovereign immunity). To the extent Plaintiff's claim against Defendant Cushua is in her individual capacity, Plaintiff's claim is also barred. Parole officials perform a quasi-judicial function and are entitled to absolute immunity from personal liability. See Pope v. Chew, 521 F.2d 400, 405-06 (4th Cir. 1975); also see Mowatt v. United States Parole Commission, 815 F.Supp.2d 199, 206 (D.D.C. 2011)(internal quotation

marks and citations omitted)(finding "the duty of [parole] officials and judges is often the same: to render impartial decisions in cases and controversies that excite strong feelings because the litigant's liberty is a stake . . . [and] such officials and judges both face the same risk of constant unfounded suits by those disappointed by the parole board's decisions").

**2.     Improper Claim:**

The undersigned initially notes that the styling and arguments contained in Plaintiff's filings are suggestive of "sovereign citizen" pleadings. For example, Plaintiff treats himself as a trust and Defendant Cushua as his trustee. See United States v. Brown, 669 F.3d 10, 19 (1st Cir. 2012)(noting that the defendant's "belief system appears most akin to the so-called sovereign citizen movement whose proponents believe they are not subject to federal or state statutes or proceedings, reject most forms of taxation as illegitimate, and place special significance in commercial law"); United States v. Mitchell, 405 F.Supp.2d 602, 605 (D.Md. 2005)(explain arguments by sovereign citizens). The undersigned, therefore, finds that Plaintiff's sovereign citizen claims are frivolous and should be dismissed. See Smalls v. Sterling, 2017 WL 1957471, * 1 (D.S.C. May 11, 2017)(dismissing sovereign citizen type claims as frivolous); Gaskins v. South Carolina, 2015 WL 6464440, * 4 (D.S.C. Oct. 26, 2015(collecting cases).

Liberally construing Plaintiff's filings, Plaintiff appears to be claiming that Defendant Cushua violated his due process rights by incorrectly denying him release on parole. (Document No. 7.) Plaintiff contends Defendant Cushua denied him parole by improperly "citing past cases which were dismissed." (Id.) Plaintiff contends that "parole should've been granted in approximately 2015."[2] (Id.) Thus, Plaintiff requests his immediate release to parole. (Id.)

---

[2] Petitioner was convicted in this District of "causing the victim to travel in interstate commerce with the intent that a murder be committed in violation of the laws of West Virginia as consideration for a promise for payment of money by others as charged in Count II of the within indictment, in violation of 18 U.S.C. § 1952A." On December 5, 1985,

5

Plaintiff's above claim is improperly asserted as a claim under Bivens. A *habeas* petition filed pursuant to 28 U.S.C. § 2241 is used to attack the manner in which a sentence is executed. The Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). In a Section 2241 action, a prisoner may seek relief for issues concerning parole denial, sentence computation, loss of good conduct time, the Inmate Financial Responsibility Program, residential reentry centers, or residential drug treatment programs. The United States Supreme Court has held that a writ of *habeas corpus* is the exclusive civil remedy for prisoners seeking release from custody. Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)(At the "heart of habeas corpus" petitions, a prisoner is challenging "the fact or duration of his physical confinement" or "seeking immediate release or a speedier release from active confinement.") A Bivens action is used to hold federal officers individually liable for constitutional violations. See Bivens, 403 U.S. at 395-97, 91 S.Ct. at 1999. As explained above, Defendant Cushua is entitled to immunity regarding Plaintiff's attempt to hold her individually liable. Accordingly, the undersigned finds that Plaintiff's Amended Complaint does not present a claim cognizable under Bivens.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document Nos. 6 and 9), **DISMISS** Plaintiff's Complaints (Document No. 1 and 7), and remove this matter from the Court's

---

United States District Judge Charles H. Haden II sentenced Petitioner to life and recommended that "the United States Parole Commission or its successor <u>not</u> consider the Defendant a suitable candidate for parole at any time." (Civil Action No. 16-10763, Document No. 8, p. 8.)

docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: March 4, 2022.

Omar J. Aboulhosn
United States Magistrate Judge